**LANE–WELLS COMPANY, A Division of Dresser Industries, Inc., Appellant,**

v.

**CONTINENTAL–EMSCO COMPANY, A Division of the Youngstown Sheet & Tube Company et al., Appellees.**

**No. 129.**

Court of Civil Appeals of Texas.

Tyler.

April 8, 1965.

Rehearing Denied May 6, 1965.

Bennett B. Patterson, Patterson, McDaniel, Moore & Browder, Houston, for appellant.

L. L. James, Tyler, for appellees.

SELLERS, Justice.

This suit was severed out of cause styled Tyler Bank & Trust Company et al. vs. Mrs. I. M. Lemon et al., pending in the 7th Judicial District Court of Smith County, and the severed cause is numbered 63-37.

The following stipulations of the parties appear in the record as follows:

"It is stipulated in open Court by each party hereto that each and all of the liens claimed by the parties to this severed cause is a valid lien, and that the Statute has been fully complied with by each Lien Claimant.

"It is further stipulated in open Court that each of the leases offered in evidence herein were in full force and effect at all times when any of the labor or material was furnished or performed on the said Swift Ranch Lease.

"It is further stipulated that each foreign corporation that is a party to this severed cause had a permit to do business in the State of Texas at all times mentioned in their respective pleadings."

The appellee's lien is for the sum of $27,806.84 and appellant's lien is for the sum of $17,655.72. The appellee claims that it has priority by virtue of having furnished the specified string of production casing or pipe and tubing. The appellant furnished no part of the above material.

The trial court sustained the appellee's contention and appellant has duly prosecuted this appeal.

We take the following statement from appellant's brief:

"There is no Statement of Facts in the case, nor was there any necessity for one. The case involves a law question only and no disputed questions of fact. The case was tried upon the stipulation of the parties. The judgment of the Trial Court, and the findings contained therein, provided that the said judgment would constitute the findings of fact and conclusions of law for the purpose of an appeal.

"All steps necessary for an appeal from this final judgment have been duly taken and this case is now before this Honorable Court for determination, and all of the prerequisites for jurisdiction of this Court appear in the Transcript.

*"The question presented to this Court is a single question of law.*

"Simply stated, the question is whether or not all mechanic's and materialman's liens stand on an equal footing, and share on a proportionate basis in parity with each other, when they have perfected valid and legal mechanic's and materialmen's liens, or whether the lien claimant which furnishes a special or particular item of equipment or machinery is entitled to a prior lien upon the particular equipment furnished to the exclusion of other mechanic's and materialmen's liens, which have been legally and properly perfected, in connection with the identical lease.

"It has been the purpose and intent of both counsel for the Appellant and counsel for the Appellee, to simplify the issues that will be before this Court as to the proper interpretation of Senate Bill 236 [264], Acts of the 55th Legislature, 1957, beginning with Art. 5473,

which is the Mechanic's & Material-man's Lien Law as applied to oil and mineral property. We have tried to stipulate the facts and agree to the form of the judgment as entered in order to be of assistance to this Court, and reduce the consideration of this case to one and the only issue of law. In other words, we desire to present only to this Court a test of the meaning of the 1957 Amendment to the oil, gas and mineral mechanic's and material-men's lien law."

Article 5473, Contractor's Lien, as amended in 1957, Vernon's Ann.Civ.St. art. 5473, is as follows:

"An person, corporation, firm, association, partnership, artisan, material-man, laborer or mechanic who shall, under contract, expressed or implied, with the owner of any land, mine or quarry, or the owner of any gas, oil or mineral leasehold interest in land, or the owner of any gas pipeline or oil pipeline, or the owner of any oil or gas pipeline right-of-way, or with the trustee, agent or receiver of any such owner, perform labor, furnish or haul materials, machinery or supplies used in digging, drilling, torpedoing, operating, completing, maintaining or repairing any such oil or gas well, water well, mine or quarry, or oil or gas pipeline, shall have a lien on the whole of such land or leasehold interest therein, or oil pipeline, or gas pipeline, including the right-of-way for same, or lease for oil and gas purposes, the buildings and appurtenances, and upon the materials, machinery and supplies so furnished or hauled, and upon all other materials, machinery and supplies owned by such owner and used in digging, drilling, torpedoing, operating, completing, maintaining or repairing any such oil or gas well, water well, mine or quarry or oil or gas pipeline, and upon said oil well, gas well, water well, oil or gas pipeline, mine or quarry for which the same are furnished or hauled, and up-on all of the other oil wells, gas wells, buildings and appurtenances, including pipeline, leasehold interest, and land used in operating for oil, gas and other minerals, upon such leasehold or land or pipeline and right-of-way therefor, for which said materials, machinery or supplies were furnished or hauled or labor performed. Provided, that if labor, supplies, machinery or materials are furnished to or hauled for a leaseholder, the lien hereby created shall not attach to the underlying fee title to the land."

The following is the language added to the above Statute in 1957:

"* * * upon all other materials, machinery and supplies owned by such owner and used in digging, drilling, torpedoing, operating, completing, maintaining or repairing any such oil or gas well, water well, mine or quarry, or oil or gas pipeline."

■ Old and new statutes which are not positively repugnant will be construed so as to give effect, if possible, to both. Standard et al., Relators v. Sadler, Commissioner of the General Land Office et al., Respondents, Tex., 383 S.W.2d 391.

■ It is our duty to uphold the old statute as well as the amended statute, if this can be done. Prior to the amendment, Article 5473 did not give a lien to laborers and mechanics on property not furnished by the lien claimant. 43 Tex.Jur.2d, § 540, p. 368.

Under the amendment the mechanic, the laborer, and materialman may now acquire a lien on any other property belonging to such owner.

■ The big question here is, Does the lien acquired under the amendment place the lienholder on an equal or parity with the lien acquired by the materialman who furnished the pipe and tubing in this case? We think not.

When you consider the language added to the statute in 1957, it gives to the mechanic, laborer and materialman a lien upon all other property of the owner of the lease at the time the work or materials are furnished. Since the leaseowner title to the pipe furnished for the drilling of the well was at all times burdened with the materialman lien, it was not owned by the leaseowner in the sense that he could by contract with other laborers, mechanics and materialmen give them a lien on an equal footing with the original materialman who furnished the pipe and tubing.

We think this conclusion is supported by 43 Tex.Jur.2d § 540, p. 370, where it is said that the amendment to Article 5473 broadening the statute could not give such a lien:

"* * * Nor does the mechanic's or laborer's lien attach to any materials, machinery, or supplies that have been furnished by a materialman, * * *."

Finding no error in the record, the judgment of the trial court is affirmed.